DEARBORN & a. v. NEWHALL.

Whether a verdict has or has not been recorded, and whether the jury have or have not separated, the case may be recommitted to them for the correction of a mistake in the verdict.

Whether justice requires a recommittal, and whether injustice results from it, are questions of fact to be determined at the trial term.

ASSUMPSIT, for wood bargained and sold.    The defendant bargained with the plaintiffs for the wood on a lot in Hampton at $2

a cord, and after removing a part he refused to take the rest, claiming that the plaintiffs had induced him to make the bargain by false and fraudulent representations. In this action the plaintiffs attached the wood remaining on the lot as the property of the defendant, and caused it to be sold on the writ. Two days after a verdict had been returned for the plaintiffs, one of the jurors by whom the case had been tried informed the court that a remark made by the clerk, and overheard by him, had caused him to think the jury had made a mistake; that they had treated the money received by the officer from the sale of the attached wood as a payment received by the plaintiffs from the defendant; and that the verdict was for the balance due the plaintiffs beyond that amount. The court caused the jurors to be called by the clerk, stated to them what one of them had said, and inquired if they had treated the money received by the officer as a payment to the plaintiffs. Several jurors replied in the affirmative. The court then instructed the jury that the money received by the officer was not a payment to the plaintiffs, and should not be deducted as a payment, but was security for any judgment the plaintiffs might recover, and directed them to retire and correct their verdict, if it was erroneous on that point; and a second verdict was returned in which the mistake was corrected. The counsel of both parties left town when the case was first submitted, and had not returned when it was recommitted. Judgment was ordered on the second verdict, and the defendant excepted.

*Marston & Eastman*, for the defendant.

*Wiggin & Fuller*, for the plaintiffs. I. The court had power to cause the jury to amend their verdict, so that it should express the actual finding of the jury. All courts of record possess the power at any time to correct mistakes, and to make their records conform to the truth of the case, and they are the sole judges of the necessity and propriety of allowing such amendment, and of the amount and character of the proof required to set the court in motion. *Balch* v. *Shaw*, 7 Cush. 282; *Fay* v. *Wenzell*, 8 Cush. 315. Verdicts are amendable like other records. *Chapman* v. *Coffin*, 14 Gray 454; *Capen* v. *Stoughton*, 16 Gray 366; *Cogan* v. *Ebden*, 1 Bur. 383; *Brown* v. *Dean*, 123 Mass. 266; *Com.* v. *Carrington*, 116 Mass. 37.

II. Whether this was a case calling for the exercise of the court's corrective power, is a question for the trial term; and having been there decided by the very judge and jury before whom the cause was tried, the law term will not revise that decision. *Wentworth* v. *Jefferson*, 60 N. H. 158; *Smith* v. *Cushman*, 59 N. H. 519; *Dumas* v. *Hampton*, 58 N. H. 134; *Fuller* v. *Bailey*, 58 N. H. 71; *Daniels* v. *Lebanon*, 58 N. H. 284; *Lefavor* v. *Smith*, 58 N. H. 125.

Doe, C. J. In some jurisdictions a recorded verdict cannot be amended by the jury after their separation; but in this state a

different practice prevails. The error in this case could be corrected, whether the verdict had or had not been recorded, and whether the jury had or had not separated. Their separation increased the danger of wrong being done by their amendment of the verdict. The increased danger raised the question whether justice required a recommittal of the case for reconsideration, and when, on reconsideration, the verdict was amended, there was a question whether justice required a judgment on the amended verdict. Both questions were matters of fact to be determined at the trial term. *Nims* v. *Bigelow*, 44 N. H. 376; *Dalrymple* v. *Williams*, 63 N. Y. 361. The court could inquire of the jury touching their verdict, and the grounds upon which they proceeded, for the purpose of ascertaining whether the case had been properly tried. *Walker* v. *Sawyer*, 13 N. H. 191, 196; *Smith* v. *Powers*, 15 N. H. 546, 563; *Johnson* v. *Haverhill*, 35 N. H. 74, 87. The inquiry could be made after the jury, being discharged from the case, had separated. *Clough* v. *Clough*, 26 N. H. 24. The reason for making the inquiry did not suspend either the power of inquiry, or the power of recommitment. For an immaterial reason, a proper inquiry was made; upon proper answers, the case was properly recommitted; and by the correction of an undoubted and natural mistake, justice was legally done. The recording of an erroneous verdict, award, or judgment does not necessarily render all its errors incurable; and the separation of jurors, referees, or other judges, does not necessarily disable them to undo the injustice of such a mistake as the jury fell into in this case.

*Exception overruled.*

CLARK, J., did not sit: BLODGETT, J., dissented: the others concurred.