Cheshire,
Dec. 4, 1906.

STATE *v.* FRAZIER.

Whether a jury shall be interrogated as to the grounds upon which they proceeded in arriving at a verdict, and whether a verdict shall be set aside because instructions were disregarded, are questions of fact determinable by the trial court.

INFORMATION, for a second offence in illegally keeping for sale spirituous liquor. Trial by jury and verdict of guilty. Transferred from the April term, 1906, of the superior court upon a bill of exceptions allowed by *Pike*, J.

The state submitted evidence of the keeping for sale and of the prior conviction. The jury were instructed that they must acquit the defendant unless they were satisfied of his guilt beyond a reasonable doubt by a consideration of the testimony relating to the keeping for sale. After the jury rendered the verdict and before they left their seats, the defendant's counsel moved that the court

inquire of them whether they had considered the former conviction as evidence of the subsequent offence charged in the information, but offered no testimony in support of the motion other than his assertion that he thought so. The court declined to make the inquiry, and the defendant excepted.

Subsequently, after the jury had been discharged from further attendance at the term, the defendant renewed his motion and also moved that the verdict be set aside, and submitted the affidavit of his counsel, in which were the following statements: "I overheard some of the matters discussed by the jury while considering the case. . . . I overheard the following words: 'Well, now, there is the first conviction.' . . . I believe that in the finding . . . . they considered as evidence the fact that Joel Frazier was previously convicted of the offence of illegally selling liquor." The motions were denied, and the defendant excepted.

*Orville E. Cain*, solicitor, for the state.

*Joseph Madden*, for the defendant.

CHASE, J. The defendant's exceptions are to decisions of the superior court upon questions of fact, and raise no questions of law. *Dearborn* v. *Newhall*, 63 N. H. 301. The case differs from *Winslow* v. *Smith*, *ante*, 65, in that the court exercised his discretion, and, so far as appears, properly. It cannot be held as matter of law that the testimony contained in the affidavit submitted to the court outweighed all the other testimony that was before him, especially in view of its indefiniteness and the manner in which it was obtained.

*Exceptions overruled.*

All concurred.