Rockingham, }
Nov. 6, 1917. }

## HAZEN L. WHITING v. HARRY SUSSMAN.

## HARRY SUSSMAN v. HAZEN L. WHITING.

The court, in the exercise of its power to interrogate the jury to ascertain whether a case has been properly tried, may, upon setting aside their verdict, resubmit the case to the same jury, if justice so require, though their error consisted not in wrongly stating their finding but in making the finding through misconception of the law.

CASE, for negligence, in which each party claimed to recover damages resulting from a collision upon the highway. Trial by jury and verdicts returned: (1) for the plaintiff Whiting, for $50; and (2) for him as defendant in the second case. Upon the announcement of these verdicts, the plaintiff, Whiting, moved to set aside the verdict as to damages upon the ground that upon the undisputed evidence his damages were $200. The jury were then interrogated by the court as to the manner in which their verdict was reached. Thereupon, it appeared that the jury had assessed the damages sustained by each party in the collision and given the party sustaining the greater damage a verdict for the sum by which his damages exceeded those sustained by the other party.

The jury were thereupon instructed as to the law and directed to reconsider the case. Subsequently, they returned a verdict of $205 for Whiting, plaintiff in the first case, and for him as defendant in the second case. Counsel for Sussman excepted to the resubmission of the case to the jury and to certain instructions given them. Transferred from the October term, 1916, of the superior court by *Chamberlin*, J.

*Samuel W. Emery* and *Albert R. Hatch*, for Whiting.

*John H. Bartlett* and *John L. Mitchell*, for Sussman.

PARSONS, C. J.   It is conceded the court had power to interrogate the jury to ascertain whether the case was properly tried (*Dearborn* v. *Newhall*, 63 N. H. 301), and to set aside the verdicts upon the facts disclosed by such interrogation.   But it is contended that the error being a mistake in making the finding and not merely in stating the conclusion reached, the case could not as matter of law be resubmitted to the same jury.

This contention, that the power of the court to resubmit a case to the same jury is limited to cases in which by mistake the verdict rendered does not correctly state the intention of the jury, cannot be sustained.   "The court could inquire of the jury touching their verdict, and the grounds upon which they proceeded, for the purpose of ascertaining whether the case had been properly tried." *Dearborn* v. *Newhall*, 63 N. H. 301, 303; *Walker* v. *Sawyer*, 13 N. H. 191, 196.   The inquiry is not limited to ascertaining whether the verdict expresses the jury's finding.   In *Dearborn* v. *Newhall* the error was in allowing as payment a sum of money which could not in law be so applied.   The verdict expressed the intention of the jury but the intention was based upon an erroneous conception of the law.   The possible error in *Winslow* v. *Smith*, 74 N. H. 65, was that the jury might have thought undue influence, which would vitiate the will in controversy, must have been exerted on the day the will was signed.   In the present case, the first verdict was due to an erroneous conception of the law as applied to the facts.   It cannot be held as matter of law that the same jury were incapable of reaching a correct decision, their misconception of the law being corrected by additional explanation.   *Kenney* v. *Habich*, 137 Mass. 421, cited by the defendant, is precisely in point.   It is there said: "The verdict demonstrates that the jury conducted their deliberations and rendered the verdict under a misapprehension of the law as laid down to them in the charge of the presiding justice.   Under such circumstances, the safe and proper course was for the court again to instruct them as to the law, and to request them to deliberate further upon the case." *Ib., p.* 423.   "The practice of sending out a jury, when they return a finding that is absurd or defective, has existed more than four hundred years." *Metcalf*, J., *Pritchard* v. *Hennessey*, 1 Gray 294, 296.   "There is no doubt but that a jury after giving in a verdict may, before it is recorded, be sent back to reconsider it; not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance if they so agree." *Warner* v. *N. Y. Cent. R. R. Co.*, 52 N. Y. 437, 440.

Whether, upon the facts disclosed, the issue should be submitted to the same or another jury was a question of fact determinable at the trial, and, as there was evidence upon which it could be found justice required the course pursued, no question is presented within the jurisdiction of this court. *State* v. *Frazier*, 74 N. H. 112; *Winslow* v. *Smith*, 74 N. H. 65, 70, 71; *Dearborn* v. *Newhall*, *supra*; *Jacques* v. *Chandler*, 73 N. H. 376, 381, 382. The exceptions to the charge have not been argued, and are understood to be waived.

*Exception overruled.*

All concurred.