Hillsborough, }
May 1, 1923. }

### KATHARINE ZEBNIK v. ANTONI ROZMUS.

### SAME v. MARY ROZMUS.

Where the plaintiff's claim is for injury resulting from the joint or concurring wrong of two or more defendants, the satisfaction of the judgment against one of the wrongdoers is a satisfaction of any claim for the same injury against another defendant.

The court has authority to inquire of the jury concerning their verdict and the ground upon which it proceeded for the purpose of ascertaining whether the case has been properly tried.

The error of recording a wrong verdict is correctible whether the verdict had or had not been recorded, and whether the jury had or had not separated.

Upon a verdict for a certain sum against two, the plaintiff shall have judgment against both for that sum, and payment by either will equally reduce the amount collectible of the other.

Judgment and execution against one of two joint defendants is not a bar to a judgment against the other unless the judgment is satisfied.

Where a verdict is rendered against each of two defendants for different sums and upon interrogation by the court the jury state "that they intended to give the plaintiff a verdict for" the total amount of both verdicts, and there-

upon had apportioned the sums between the defendants, the plaintiff is entitled
to a joint judgment against both defendants for the total amount.

In an action against joint tortfeasors, the jury have no power to apportion their
verdict between two or more defendants.

TWO ACTIONS, for trespass to the person. The cases were tried
together by a jury who returned in each case a verdict for the
plaintiff: $5,750 against Antoni and $5,000 against Mary. The
jury thereafterwards upon inquiry by the court stated that they
intended to give the plaintiff a verdict for $10,750, which they
divided as they had between the two defendants. The plaintiff
took judgment against Antoni for $5,750 upon which execution was
issued, which has been satisfied. The defendant Mary opposed the
plaintiff's subsequent motion for judgment and execution against
her upon the ground that the jury could not apportion the damages,
and that the satisfaction of the judgment against Antoni was a
satisfaction of the judgment against Mary. The court in view of
the response of the jury to his interrogation as to their finding
granted the plaintiff's motion subject to exception by Mary.

Transferred by *Branch*, J.

*Osgood & Osgood* (*Mr. Anson G. Osgood* orally), for the plaintiff.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the defendant Mary.

PARSONS, C. J. "It is an ancient and well-established rule, almost
without exception in England and America, that for a single injury
there can be but one recompense. When more persons than one
unite in the commission of a wrong, each is responsible for the acts
of all, and for the whole damage; also, where separate and inde-
pendent acts of negligence by different persons concur in causing a
single injury, each is fully responsible for the trespass. Courts will
not undertake to apportion the damage in such cases among the
joint wrongdoers." *Cleveland &c. Ry Co.* v. *Hilligoss*, 171 Ind. 417;
s. c., 131 Am. St. Rep. 258, 263; Cooley on Torts (1st *ed.*), *p.* 133.

Mary's contention that as the plaintiff's claim was for injury re-
sulting from the joint or concurring wrong of the two defendants
sued, the jury had no power to apportion the damages (38 Cyc. 492)
and that the satisfaction of the judgment against one of the wrong-
doers was a satisfaction of any claim for the same injury against
her, is well founded. *Carpenter* v. *Company*, 78 N. H. 118. There
is conflict in the decisions as to the effect of a judgment against one

wrongdoer as an answer to a suit against another. In England the judgment is an answer. In some of the states the taking out of execution upon such a judgment is a bar, but the rule most widely followed is that judgment and execution against one is not a bar to a judgment against another also liable unless the judgment is satisfied. Note 58 L. R. A. 410; *Ib.* (N. S.), 1918 D. 308; Cooley on Torts (1st *ed.*), *pp.* 137–139. Such is the law here. *Fowler* v. *Owen*, 68 N. H. 270, 271; *Snow* v. *Chandler*, 10 N. H. 92.

"The injured party has a right to pursue all who have done the wrong, until he obtains a satisfaction for it, unless he does something that is equivalent to a release of one. But an attempt to obtain satisfaction of one wrong doer, without success, neither indicates an intention to release another wrong doer, nor furnishes a reason why he should be exempted from his responsibility." *Hyde* v. *Noble*, 13 N. H. 494, 501. "The fundamental doctrine applicable to cases of this character is that the injured party is only entitled to one full compensation, and hence it is universally held that having received satisfaction for his damages from one wrongdoer he cannot recover further damages for the same injury from another wrongdoer." *Carpenter* v. *Company*, 78 N. H. 118, 122.

If the verdict and judgment against Antoni for $5,750 which the plaintiff has collected is the full measure of the compensation to which the plaintiff is entitled, she cannot have judgment for a further sum against Mary. But the order permitting such judgment to which Mary excepted was made in view of the answers made by the jury in response to the inquiries of the court. The only questions before the jury were the guilt of each defendant and the compensation due the plaintiff for the injury received. Each defendant being found guilty, the only question left for the jury was what damages the plaintiff had sustained. *Halsey* v. *Woodruff*, 9 Pick. 555.

By the verdicts returned, the jury found each defendant guilty, but left uncertain what they found to be the measure of the plaintiff's damage, the compensation to which she was entitled. The court had authority to inquire of the jury concerning their verdict and the ground upon which it proceeded for the purpose of ascertaining whether the case had been properly tried. *Norris* v. *Haverhill*, 65 N. H. 89. This inquiry developed that the jury found the compensation due the plaintiff to be $10,750. The attempt of the jury to apportion the verdict was beyond their power. *Currier* v. *Swan*, 63 Me. 323, 326. The only verdict which could legally be

entered on this finding was one for that sum against each defendant and such record should have been made. The error of recording the wrong verdict is correctible "whether the verdict had or had not been recorded, and whether the jury had or had not separated." *Dearborn* v. *Newhall*, 63 N. H. 301. Upon the corrected verdicts, the plaintiff could have had judgment against each defendant for $10,750. Payment by either would equally reduce the amount collectible of the other. If necessary, upon motions in the superior court, the record of the verdicts in each case can now be corrected to agree with the finding of the jury. If the record is corrected by vacating the judgment entered against Antoni and entering one for $10,750, entry of its satisfaction to the amount paid must necessarily be made at the same time. As before judgment was taken out against Mary, $5,750 of the amount for which she was found liable had been paid, judgment can be had against her only for the balance, $5,000. This is the amount ordered. Mary is not harmed by the state of the record, because upon the formal correction of the record the judgment to which she excepts would be unaffected. The statement of the court of the grounds of the order sufficiently indicates its legal foundation upon verdicts corrected to accord with the statements of the jury. Unless the plaintiff desires to take out further execution against Antoni, there seems to be no occasion to disturb the record.

*Exception overruled.*

All concurred.