Hillsborough,
No. 4834.

WILLIAM SCONSA, *by his mother
and next friend,* BERNICE SCONSA *& a.*

*v.*

ESTHER RICHMOND.

Argued November 1, 1960.

Decided November 30, 1960.

*Craig & Craig* and *Arthur J. Costakis* (*Mr. Costakis* orally), for the plaintiffs.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the defendant.

BLANDIN, J. The plaintiffs' basic claim is that "the Court as a matter of law could not resubmit the case to the jury after finding the verdict inadequate and setting it aside." This runs contrary to our decisions; the Court's discretion is controlling. *Whiting* v. *Sussman,* 78 N. H. 486, and authorities cited.

The record here discloses that when they began their deliberations the jury did not understand that the action in behalf of William, the minor son, for his pain and suffering was separate and distinct from that of his father for William's medical expenses and lost earnings, and that having found in the son's favor on liability they were bound to award him something for the suffering which he indisputably incurred. This misunderstanding persisted until the Court, after setting aside the verdict for William for "no dollars and no cents," had twice further instructed the jury, whereupon they returned with a verdict for William for $500.

There is no evidence that the determination of liability in the several cases had caused any problem or was not fully understood by the jury. As shown by the Court's questions after he had given them additional instructions and the foreman's reply, the difficulty centered entirely about the matter of damages. After the jury, being unable to agree on this issue, had been brought back to the courtroom the second time, the Trial Judge inquired with reference to William's case, "the only issue before you now is the question of the amount of damages. That is right, isn't it?" To this the foreman answered "Yes."

The Court then charged them as to the desirability of their

agreeing, if they could do so "consistent with your conscience." This was proper. *Dunne* v. *Carey*, 97 N. H. 43, 44, 45. He further queried: "Now, is there any question that you want to ask about it?" The foreman replied: "They seem to think they have compensated him in giving him the twenty-two weeks at $50 . . . and they think they have given him enough." Since actually they had given William nothing, but had only recompensed his father, their confusion is obvious.

The procedural method then to be adopted was, as previously stated, entirely within the discretion of the Court, which had observed the whole course of the trial and the attitude of the jury. *Whiting* v. *Sussman, supra.* From their actions, including the replies to the questions, the Court decided that the error extended solely to damages and then, with further clarification, properly submitted again only that issue to them. *Kilfoyle* v. *Malatesta*, 101 N. H. 473, 475. We cannot say that this action was unsupported by the record or that it conclusively appears that it rendered the trial unfair. The case is thus clearly distinguishable from *Gomes* v. *Roy*, 99 N. H. 233. It follows that the plaintiffs' exceptions to the resubmission of the sole issue of damages to the jury are overruled. *Cloutier* v. *Charland*, 100 N. H. 63, 64.

The plaintiffs' final exception to the refusal of the Court to formally poll the panel does not require extended consideration. As previously stated, inquiries were made of the foreman, and furthermore it is firmly established that this matter also is discretionary. *Caldwell* v. *Yeatman*, 91 N. H. 150, 154, 155. Since no abuse of discretion appears, the order is

*Judgment on the verdicts.*

All concurred.