Rockingham,
No. 5366.

EXETER-HAMPTON MOBILE HOME VILLAGE, INC.

*v.*

STATE.

Argued September 9, 1965.
Decided October 29, 1965.

*George R. Scammon* and *Robert G. Whitman* (*Mr. Whitman* orally), for the plaintiff.

*William Maynard,* Attorney General and *Robert W. Moran,* Assistant Attorney General (*Mr. Moran* orally), for the defendant.

WHEELER, J. This is an appeal from an award of damages occasioned by the taking of a portion of the plaintiff's land in Exeter by the defendant for the construction of a limited-access highway. Trial by jury with a view resulted in a verdict for the plaintiff in the amount of $15,000.

During the course of the trial the plaintiff excepted to the rulings of the Court admitting certain evidence. After verdict the plaintiff excepted to the denial of its motion for a new trial. These exceptions were reserved and transferred by *Grant*, J.

The principal issue raised here by the plaintiff's exceptions is whether the Court erred in permitting one of the principal owners of the property to testify on cross-examination what he paid for it in 1956, some five years prior to the taking. Objection was made on the ground it was too remote and not evidence of value at the time of the taking. Before permitting the witness to answer the Court instructed the jury that the sale price to the defendant was received as "some aid to the jury in arriving at its ultimate answer," considering "the time [it] was made" and "whether or not the property [was then] substantially similar."

The principal owner testified that he paid $19,000 for the entire property in 1956 which consisted of abandoned farm buildings and 32 acres of real estate. About a year later the plaintiff sold a one-acre portion with the buildings thereon for $14,000. The State took a five-acre strip across plaintiff's land as part of the land acquisition for the construction of the Exeter-Hampton Beach Expressway, which resulted in severing an 11-acre piece of the property on the rear from the main entrance.

The main exception argued here is whether the Court erred in permitting evidence of what the plaintiff paid for the entire tract some five years prior to the taking by the State of a five-acre section thereof. The competence of such evidence must depend on whether the time of such sale is so remote as to destroy its evidentiary value as an aid to the jury in arriving at the fair market value of the plaintiff's property before and after the taking. The great weight of authority, with which we agree, supports the view that it rests largely within the discretion of the Trial Court. 4 Nichols, Eminent Domain, *s.* 12:311 [1]; Annot. 55 A.L.R. 2d 791; 29A C.J.S., Eminent Domain, 1203, *s.* 273(5); 18 Am. Jur., Eminent Domain, 994, *s.* 351; *Berry* v. *State*, 103 N. H. 141; *Hall* v. *West Des Moines*, 245 Iowa

458, 468; *Thornton* v. *Birmingham,* 250 Ala. 651, and cases cited.

Considering the cautionary remarks to the jury before permitting the question to be answered, the record as a whole including the instructions to the jury we cannot say as a matter of law that there was an abuse of discretion. "Furthermore, the Court's denial of the defendants' motion for a new trial was a finding that the trial was fair." *Abel* v. *Yoken,* 104 N. H. 119, 123.

After the trial one of the jurors volunteered the information that "the jury during its deliberations discounted the damages suffered by the plaintiff by considering it likely that the plaintiff's expansion plans were hurriedly drawn up after its land had been condemned and solely for the purpose of enhancing its damages." It is well settled that testimony or affidavits of a jury are not admissible to impeach the verdict. This is so, not because they are irrelevant but because "experience has shown that they are more likely to prevent than to promote the discovery of the truth . . . ." *Blodgett* v. *Park,* 76 N. H. 435, 438; *Caldwell* v. *Yeatman,* 91 N. H. 150; *Eichel* v. *Payeur,* 106 N. H. 484, decided this day.

The order therefore is

> *Exceptions overruled;*
> *judgment on the verdict.*

All concurred.