Strafford,
No. 6326.

FLORENCE LAKE SINDORF *v.* ROBERT E. DOW

HELEN KAUKOLA HOLBROOK, EXECUTRIX, ESTATE OF JOSEPH N. KAUKOLA

*v.*

ROBERT E. DOW.

HELEN K. HOLBROOK *v.* ROBERT E. DOW.

March 31, 1972.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran* orally) for the plaintiff Sindorf.

*Normandin, Cheney & O'Neil* and *David O. Huot* (*Mr. Huot* orally) for the plaintiff Holbrook.

*Joseph P. Nadeau,* by brief and orally, for the defendant.

GRIMES, J.   These are automobile accident cases which were tried by jury with a view resulting in verdicts for the defendant. Plaintiffs' exceptions were transferred by *Loughlin, J.*

The cases were tried together with actions against Mrs. Sindorf by Mrs. Holbrook and her husband, who has since died, both passengers in the Sindorf vehicle and by Mrs. Dow, owner of the Dow car. These actions also resulted in defendant's verdicts. The jury was instructed that there was no evidence of fault on the part of the passenger plaintiffs. It is clear therefore that the jury found neither driver at fault.

Plaintiffs here claim that the evidence compelled a finding of fault on the part of defendant Dow. We cannot agree.

The accident occurred on Jennings road, a dirt country road between Middleton and New Durham. The road was only 13 feet wide at the place of collision. Mrs. Sindorf was driving a 60.5" wide Volkswagon toward New Durham and Mr. Dow was driving a 79" wide Chevrolet in the opposite direction. Both drivers had traveled the road on prior occasions. The accident occurred near the crest of a hill. Mrs. Sindorf claimed that she saw the Dow car coming and that she pulled over as far as she could and stopped at the crest. Mr. Dow claimed he was traveling slowly within a foot from his right hand side of the road and that as he came over the crest the Volkswagon was right there and he had no chance to do anything to avoid the accident other than pull to the right. The contact was left front to left front. A police officer who investigated the accident before the Sindorf car was moved testified that as he approached the scene from the direction Mr. Dow had been traveling he did not see the Sindorf car although he could see the top of the knoll. He said that from the edge of the road to the left front bumper of the Sindorf car measured 6½ feet and that marks on the gravel indicated that it had been pushed to its right toward the ditch. He testified that there was an area where for about

150 feet one traveling in the direction Dow was going could not see a car stopped where Mrs. Sindorf's car was located after the accident. He further testified that he did not go by the Sindorf car with his cruiser because he didn't think there was room enough, that in the area off the traveled portion of the road there were rocks and trees and it was not fit for travel.

The jury was not compelled to find that Dow was at fault. He could be found to have been traveling slowly and as far to the right as a reasonable man would travel on that road, and his inability to have seen the Sindorf car in time to take any saving action could be found from his testimony and that of the police officer. The burden at trial was on the plaintiffs and we must view the evidence most favorably to the defendant in whose favor the verdicts were returned. *Wike* v. *Allison*, 105 N.H. 393, 200 A.2d 860 (1964).

The court adequately instructed the jury with respect to RSA 262-A:16 which requires that on "roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main travelled portion of the roadway as nearly as possible" and RSA 262-A:20 which provides that "No vehicle shall at any time be driven to the left side of the road . . . [w]hen approaching the crest of a grade . . . where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction . . . . "

A finding that these statutes were violated by Dow was not compelled. The jury could have found that Dow was as far to his right as was reasonable under the circumstances and that he had given "one half of the main-travelled portion of the roadway as nearly as possible" under the circumstances. He is not bound, as contended by plaintiffs under the doctrine of *Harlow* v. *Leclair*, 82 N.H. 506, 136 A. 128 (1927), by his testimony as to the location of his vehicle in the highway. *Griffin* v. *Theriault*, 107 N.H. 411, 416, 223 A.2d 655, 658-59 (1966).

Plaintiffs contend that the trial court erred in either not allowing more extensive cross-examination of the witness Mrs. Pelletier or in not striking her testimony. Mrs. Pelletier

was the insurance agent who sold the policy covering the accident to Mrs. Sindorf. Following the accident Mrs. Sindorf went to Mrs. Pelletier to report the accident and Mrs. Pelletier made out a motor vehicle accident report which was filed unsigned because Mrs. Sindorf's hand was bandaged. Mrs. Pelletier was called by defendant for the purpose of showing that Mrs. Sindorf made statements to her regarding the accident and the road which were admissions and inconsistent with her testimony at trial. The witness had been instructed not to mention insurance in her testimony and when asked if she knew the Dows said "No". Following her testimony plaintiffs requested permission to recall her to show that she had also sold the insurance covering defendant Dow and to seek to determine whether some of the information on the Sindorf report had been obtained from Dow. The court permitted the witness to be recalled under the limitation that while plaintiffs could ask if there had been a business relationship between her and the Dows and if she helped them file a report, the matter of insurance was not to be mentioned. Plaintiffs contended that since Mrs. Pelletier had sold both policies it might have been to her advantage to so word the reports as to indicate a pure accident with neither driver being at fault and that therefore they should be permitted to go into the question of insurance. This was rejected by the trial court. When recalled Mrs. Pelletier did acknowledge having received information regarding the accident from Mrs. Dow and the Dow accident report was introduced in evidence to permit counsel to argue the similarities.

We are of the opinion that the trial court did not abuse its discretion in so limiting the examination of Mrs. Pelletier when recalled as to prevent the mention of insurance. The evidence excluded bore only upon the credibility of the witness Pelletier.

*Judgments on the verdicts.*

All concurred.