Cheshire,
No. 6286.

SCOTT W. STEPHENSON, BY RUTH E. STEPHENSON, HIS MOTHER AND NEXT FRIEND, *&* *a.*

*v.*

ALFRED TIMOTHY STARKS.

July 31, 1972.

*McLane, Carleton, Graf, Greene & Brown (Mr. Robert W. Upton II* orally) and *Harry C. Lichman* for the plaintiffs.

*Bell & Kennedy (Mr. Ernest L. Bell III* orally) for the defendant.

GRIFFITH, J. These are actions brought to recover for personal injuries to the minor plaintiff and medical expenses of his mother arising out of a pedestrian-motor vehicle accident on Church Street in Keene on October 9, 1967. Trial by jury resulted in verdicts for the defendant in both cases. Plaintiffs' exceptions to the denial of their motions to set the verdict aside, to certain rulings of the court and the court's charge were reserved and transferred by the Trial Court (*Dunfey*, J.).

The minor plaintiff Scott was three and one-half years old at the time of the accident, and it was agreed at pretrial that he could not be charged with contributory negligence. Immediately before the accident, which happened about 5 p.m., Scott was playing with a number of other children in front of the apartment house where he lived. In front of the aprtment house were parked two Chevrolet automobiles. The defendant drove up Church Street past the apartment house at which time Scott came into the street from between the two parked cars and the accident occurred.

Gloria Avery was a tenant of the apartment house returning home at the time of the accident. She testified that as she was mounting the steps to the apartment house she heard the defendant's car enter the street and saw Scott step into the street from between the two parked cars when the defendant's car was about a car and one-half length away. She testified that she saw a spinner on the right front hub cap catch Scott's

pants leg pulling his foot under the car. The car came to a stop with Scott under the edge of the car and part of his leg under the back of the front wheel according to Mrs. Avery's testimony.

Defendant testified that he drove into the street at about 15 to 20 miles per hour and saw no children. That as he passed the parked cars in front of the apartment he felt a thud on the right rear of his car, stopped his car and found Scott on the ground to the rear of his car. While he described Scott as running or jumping into his car he agreed in cross-examination that he had not seen Scott before the accident and did not know how he arrived at the point of the accident.

The plaintiffs argue that there is no evidence upon which a verdict for the defendant could be sustained and that it was error for the court not to set aside the verdict as against the weight of the evidence. No motion for a directed verdict was made by the plaintiffs so that the first ground is not available to them. *Bennett* v. *Larose,* 82 N.H. 443, 446, 136 A. 254, 256 (1926). The motion to set aside the verdict "is designed to cover only flagrant cases when there is some conflicting evidence, but where such evidence is so preponderantly in favor of the losing party as to disclose mistake, partiality or corruption on the part of the triers of fact." *Id.* at 448, 136 A. at 257. The evidence in this case permitted a finding that the defendant was without fault and that the accident was caused by Scott moving into the side of the defendant's vehicle. *Guptill* v. *Bergman,* 108 N.H. 507, 240 A.2d 55 (1968); *Wisutskie* v. *Malouin,* 88 N.H. 242, 186 A. 769 (1936).

The plaintiffs objected and excepted to the argument of defendant's counsel that Scott moved quickly into the road and "ran into the side of the car." Following the objection defendant's counsel modified the argument to a claim that the plaintiff was moving into the side of the defendant's car. This was a fair inference and in the context of the case amounted to an argument that the child ran into the car rather than that the car ran into the child. A fair inference from the defendant's testimony and the cross-examination of the witness Avery was that Scott moved quickly. "The infer-

ence of the argument was one which could be drawn from the evidence and the language used was within the limits of legitimate advocacy." *Sleeper* v. *Company,* 100 N.H. 158, 163, 121 A.2d 799, 803 (1956); *Casey* v. *Pike Company,* 104 N.H. 521, 191 A.2d 533 (1963).

Plaintiffs excepted to the argument of the defendant's counsel that they should find for the defendant if they found a pure accident. Since the minor plaintiff was not chargeable with negligence, if the accident was caused solely by his actions it could properly be characterized as pure accident. Plaintiffs' argument on this issue is a repetition of the one previously rejected that there was no evidence to support a verdict for the defendant.

We find no merit in plaintiffs' argument that the court's charge required the jury to find the plaintiffs had to sustain their burden of proof on all their claims of negligence in order to recover. On the contrary the court instructed the jury that any degree of negligence on the part of the defendant contributing to the accident would render the defendant liable. In discussing plaintiffs' claims of statutory violations by the defendant the court stated that causal violation of either of them would render defendant liable. In addition the jury was instructed they should find for the defendant if they found the accident "not attributable to any legal fault on the part of the defendant."

The jury having found for the defendant on liability there is no occasion to consider plaintiffs' exception relating to their argument on damages.

*Exceptions overruled; judgment for the defendant.*

All concurred.