Strafford,
No. 6416.

Leon LeClerc

*v.*

Virginia Gray.

November 30, 1972.

*Calderwood & Ouellette* and *Andrew Thompson* (*Mr. Raymond R. Ouellette* orally) for the plaintiff.

*Hartnett & Moher* (*Mr. Charles F. Hartnett* orally) for the defendant.

LAMPRON, J. The principal issue to be decided is the propriety of the action of the trial court granting plaintiff LeClerc's motion to set aside a jury verdict for the defendant, Virginia, and ordering a new trial on liability and damages.

LeClerc's action was for personal injuries suffered on March 24, 1967, in Rochester from a collision between the car he was operating and one driven by Virginia. The jury first returned a verdict for the plaintiff in the sum of $1639.35 which was the amount of his medical bills submitted as an exhibit. The Trial Court (*Loughlin,* J.) upon receipt of the verdict set it aside and resubmitted the case with the following instructions: "If this verdict was reached as a result of a compromise then you should reconsider the whole verdict relative to liability. If it wasn't reached as a result of compromise, then the damages are inadequate, and I am going to resubmit this case to you to award the plaintiff adequate damages." The jury retired and shortly thereafter returned a verdict in favor of the defendant. The plaintiff filed a motion to set aside the verdict and for a new trial on liability and damages. Defendant's exceptions to the granting of this motion were allowed and transferred.

In his action plaintiff LeClerc sought damages, in addition to his medical expenses, for pain and suffering, lost wages, and permanent injury. The defendant, during the trial, raised the issue of plaintiff's contributory negligence and questioned the connection between the damages sought and the accident. However, having heard the evidence presented, the trial court could properly rule on its own motion that a verdict for the plaintiff in the amount of the medical expenses was

inadequate and probably resulted from a compromise or mistake. *Gomes* v. *Roy,* 99 N.H. 233, 235, 108 A.2d 552, 553 (1954). Furthermore, as a result of his observation of the course of the trial, and of the attitude of the jury as reflected by questions submitted during their deliberations, the court could properly decide to resubmit the case to this same jury. *Sconsa* v. *Richmond,* 103 N.H. 89, 91, 165 A.2d 595, 596 (1960); *Whiting* v. *Sussman,* 78 N.H. 486, 488, 102 A. 539, 540 (1917).

The defendant objected to the resubmittal and moved for either a mistrial or a new trial claiming that a new jury should be empaneled. The trial court held in abeyance a ruling on this motion stating, "I may grant it later on, depending on what happens." "It is a feature of a jury trial for the trial judge not only to see that the trial is fairly conducted but also to correct or vacate what turns out to be an unfair result." *Wisutskie* v. *Malouin,* 88 N.H. 242, 245, 186 A. 769, 770 (1936); James, Civil Procedure *s.* 7.16 (1965). If the trial court's duty in this respect is to be meaningful his discretion must be broad. *Hayes* v. *State,* 109 N.H. 353, 355-56, 252 A.2d 431, 433 (1969).

This jury had first returned a verdict for the plaintiff which the court ruled inadequate. Within ten or fifteen minutes after the case was resubmitted, the jury returned a verdict for the defendant. The trial court could properly decide in its discretion on the evidence presented, the inadequacy of a first verdict for the plaintiff, and a sudden return of a contrary verdict for the defendant that justice required the issues of liability and damages should be presented anew to a different jury. *Whiting* v. *Sussman,* 78 N.H. 486, 102 A. 539 (1917); *Sconsa* v. *Richmond,* 103 N.H. 89, 165 A.2d 595 (1960). We hold that the court properly granted plaintiff's motion to set aside the verdict and for a new trial.

*Exceptions overruled; remanded.*

All concurred.