Rockingham,
No. 6234.

STATE *v.* WILLIAM E. MANN.

November 30, 1972.

*Warren B. Rudman,* attorney general, and *Henry F. Spaloss,* assistant attorney general (*Mr. Spaloss* orally), for the State.

*Flynn, Powell & McGuirk* and *J. Christopher McGuirk* (*Mr. J. Christopher McGuirk* orally) for the defendant.

GRIFFITH, J. Defendant was tried and found guilty by

a jury of having made sales of a controlled drug on August 5, 1970, and on August 15, 1970. Defendant relies upon claims that the evidence required a finding of entrapment as a matter of law and that the Court (*Morris,* J.) abused its discretion in refusing to interrogate individual jurors with reference to a claimed improper consideration by the jury of evidence not before them.

The evidence established that the sales of marijuana were both made to a Dina Deutsch, who was working at Hampton Beach as a special undercover agent for the Hampton Police Department. According to her testimony she became acquainted with the defendant a week or two before her first purchase and that at her request he made the two sales of marijuana to her. The defendant admitted the two sales and relied solely upon the defense of entrapment which was submitted to the jury upon proper instructions from the trial court. Ordinarily entrapment is a question of fact for the jury to determine. *State* v. *Campbell,* 110 N.H. 238, 265 A.2d 11 (1970). "The court can find entrapment as a matter of law only where the undisputed testimony and required inferences compel a finding that the defendant was lured by the officers into an action he was not predisposed to take." *Id.* at 241, 265 A.2d at 14. Here the facts indicate only that the agent presented "'opportunities or facilities' for the commission of a criminal offense and that is a far cry from entrapment." *Osborn* v. *United States,* 385 U.S. 323, 331-32, 17 L. Ed. 2d 394, 400, 87 S. Ct. 429, 434 (1966). The trial court properly refused to rule entrapment as a matter of law in this case.

Some three months after the jury verdict, defendant's trial counsel was approached on the street by a man who announced he was one of the jurors in the case. According to the recollection of counsel, the juror told him that the jury first voted nine to three for conviction and that the three who voted for acquittal were later convinced the defendant should be found guilty because he had a criminal record. Counsel recognized the man as a juror but did not remember his name and made no note of the conversation. Subsequently counsel talked with several of the jurors and while most of them did not remember the case or refused to talk with him a juror named Pauline Guyette gave him an affidavit.

This affidavit stated that during the deliberation in the case "the issue of the defendant's past record of criminal convictions was discussed."

The amended reserved case states that on April 1, 1971, defendant through his attorneys filed a motion to poll the jury which was denied by the trial court subject to exception. Although the motion is not contained in the reserved case or record transferred here it appears to be the motion heard on March 31, 1971, where it is referred to as a petition to have the jurors "inquisitioned or examined".

The hearing on March 31, 1971, consisted of defense counsel's statement of his recollection of the conversation with the juror and the affidavit above referred to. It was the theory of counsel at the hearing that the jury had improperly considered evidence of defendant's criminal record because of the following incident during the trial. During his cross-examination of the defendant, the county attorney asked, "Billy, it's been indicated that you had some problems in the past. Aren't you the same William E. Mann who, on the 21st day of April of 1969 . . . ." Defense counsel interrupted with an objection, and the State at the bench offered to prove that defendant had pleaded guilty to receiving stolen goods on the date mentioned, as bearing on his credibility. The trial court sustained the objection, and the exclusion of the question of defendant's criminal record became the law of the trial.

It was the theory of defense counsel at the hearing on his motion that the jury might have inferred from the portion of the question to the defendant they heard before the objection that defendant had a criminal record. On the basis of the statement made to him by the juror and the juror's affidavit, counsel requested the trial court to recall and interrogate the jurors. In considering defendant's exception to the refusal of the court to so interrogate the jurors, we are concerned with whether the trial court "abused his discretionary power when he declined to sift the matter further by recalling the jurors." *Caldwell* v. *Yeatman,* 91 N.H. 150, 15 A.2d 252 (1940); *Barton* v. *Plaisted,* 109 N.H. 428, 434, 256 A.2d 642, 647 (1969).

The decision whether to permit questions of a defendant

about prior convictions during his cross-examination is within the discretionary power of the trial court. If these questions are permitted the trial court must immediately and in his final instructions warn the jury that prior convictions are to be used only to evaluate defendant's credibility as a witness and not as proof of his guilt of the offense being tried. *State* v. *Cote,* 108 N.H. 290, 297, 235 A.2d 111, 116 (1967). Here the trial court excluded the question relating to prior convictions under the guidelines for the exercise of his discretion laid down in *State* v. *Cote, supra,* and *State* v. *Duke,* 100 N.H. 292, 294, 123 A.2d 745, 746 (1956).

Defendant's counsel at the trial made no request to the court for either an immediate instruction or final instruction that the jury disregard that portion of the question that the jury heard. This lack of request might well have been dictated by the decision that such instruction would emphasize the possible prejudicial effect of the partial question. *See State* v. *Fowler,* 110 N.H. 110, 112, 261 A.2d 429, 430-31 (1970).

Defendant relies upon the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft May 1968). We are of the opinion that the present case comes under section 5.7 (a) of these standards which provides that "no evidence shall be received to show the effect of any statement, conduct, event or condition upon the mind of a juror or concerning the mental processes by which the verdict was determined." No information was presented to the trial court that indicated any information from outside of the trial intruded on the jury deliberation. Neither the court nor counsel can guarantee that the jury will not misunderstand evidence or instructions in their deliberations. Unlike *Parker* v. *Gladden,* 385 U.S. 363, 17 L. Ed. 2d 420, 87 S. Ct. 468 (1966), relied upon by the defendant there is no suggestion here of an outside influence brought into the jury room. Instead the trial court was presented with an inconclusive affidavit from a juror and the admittedly scanty recollection of counsel of his conversation with another juror. In addition, it appeared that other jurors no longer remembered the case and that three months had passed since the jury had separated. Under these circumstances we cannot find that

the court abused its discretion in refusing to recall and conduct an inquisition of the jury upon what was at the most an ephemeral suggestion of the improper effect of a "statement, conduct, event or condition upon the mind of a juror." *s. 5.7 (a) supra; Exeter-Hampton Mobile Co.* v. *State,* 106 N.H. 476, 477, 213 A.2d 925, 927 (1965); *Caldwell* v. *Yeatman supra.*

*Exceptions overruled.*

All concurred. ·