Merrimack
No. 7040

Evelyn Bothwick

v.

Mae LaBelle

Same

v.

Richard J. Copson

May 30, 1975

*Craig, Wenners, Craig & McDowell (Mr. Joseph F. McDowell III* orally)
for the plaintiff.

*Sullivan, Gregg & Horton (Mr. James L. Sullivan* orally) for the defendant Richard J. Copson.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally), for the defendant Mae LaBelle, joined in the brief and argument of defendant Copson.

GRIFFITH, J. This is a suit for damages for personal injuries plaintiff sustained in an automobile accident in Hooksett, New Hampshire on May 17, 1968. Immediately prior to the accident, plaintiff was operating a car following one operated by Mae LaBelle and followed by a car operated by Richard J. Copson. Plaintiff claimed that defendant LaBelle negligently operated her car causing the plaintiff to turn into the path of the Copson car which negligently ran into her car.

Trial by jury resulted in a verdict for the plaintiff against both defendants in the amount of $15,000. The verdict was returned on Friday, December 14, 1973, and on the following Monday one of plaintiff's counsel conferred on an unrelated matter with another attorney. During their conference, the other attorney told plaintiff's counsel that in a casual conversation with the foreman of the jury over the weekend the foreman told him the jury intended by their verdict to award the plaintiff total compensation of $30,000. Plaintiff on that day filed a motion asking that the jury be reconvened to ascertain whether this information was correct. The court granted the motion, reconvened the jury and interrogated them on their intended verdict. The trial court determined from his voir dire of the jury that the intended verdict was $30,000 and ordered the verdicts to be corrected to state this amount rather than the $15,000 originally recorded. Defendants' exceptions to the denial of their motions to set aside the verdicts and to the court's action in reconvening the jury and correcting the original verdicts of the jury were reserved and transferred by the Trial Court, *Loughlin,* J.

The defendants argue that the motions to set aside the verdicts should have been granted on the ground that the plaintiff was contributorily negligent as a matter of law. A motion to set aside a verdict must be granted only when the evidence is so far in favor of the losing party as to "disclose mistake, partiality or corruption on the part of the triers of fact." *Bennett v. Larose,* 82 N.H. 443, 448, 136 A. 254, 257 (1926). The evidence does not meet this test or require a finding that the plaintiff was contributorily negligent. *Stephenson v. Starks,* 112 N.H. 291, 293 A.2d 762 (1972); *Sindorf v. Dow,* 112 N.H.

114, 289 A.2d 394 (1972). Since there was medical evidence to support the claim of the plaintiff that her preexisting medical condition was aggravated by the accident, we reject defendants' assertion that this issue should not have been submitted to the jury.

In support of their exceptions to the action of the trial court in reconvening the jury and correcting the verdicts originally returned, the defendants do not claim that the verdicts ordered by the trial court after interrogation of the jury are incorrect. Instead they rely upon the generally accepted rule that testimony and affidavits of jurors are not admissible to impeach a verdict. *Exeter-Hampton Mobile Co. v. State*, 106 N.H. 476, 213 A.2d 925 (1965); *Caldwell v. Yeatman*, 91 N.H. 150, 15 A.2d 252 (1940). This rule reflects the policy of the court to "discourage any discussion of cases by defeated counsel with jurors after trial." *Id.* at 156, 15 A.2d at 256; 75 Am. Jur. 2d *Trial* § 1219 (1975). The privacy of jurors should be protected from inquisitions designed to find some reason to invalidate their verdict.

In this jurisdiction, the policy of discouraging defeated counsel from importuning jurors informally after verdict has never been thought to restrict the authority and duty of the trial judge "to correct or vacate what turns out to be an unfair result." *Wisutskie v. Malouin*, 88 N.H. 242, 245, 186 A. 769, 770 (1936). Neither have we considered the recording of a verdict as any mystic bar to action by the court. *Winslow v. Smith*, 74 N.H. 65, 65 A. 108 (1906); *cf. Shears v. Metropolitan Transit Auth.*, 324 Mass. 358, 86 N.E.2d 437 (1949). "The recording of an erroneous verdict . . . does not necessarily render all its errors incurable; and the separation of jurors . . . does not necessarily disable them to undo the injustice of such a mistake . . . ." *Dearborn v. Newhall*, 63 N.H. 301, 303 (1885).

The power of the trial court to reconvene and interrogate a jury may be exercised "whenever he is of the opinion the jury may have made some mistake . . . which produced their verdict." *Caldwell v. Yeatman*, 91 N.H. 150, 155, 15 A.2d 252, 255 (1940). The discretion of the trial court in this respect is broad *(LeClerc v. Gray*, 112 N.H. 430, 298 A.2d 116 (1972)) and the denial of a motion to interrogate will not be overruled except for abuse of that discretion. *State v. Mann*, 112 N.H. 412, 297 A.2d 664 (1972); *see Winslow v. Smith*, 74 N.H. 65, 65 A. 108 (1906). Specific authority for the action of the trial court in this case may be found in *Zebnik v. Rozmus*, 81 N.H. 45, 124 A. 460 (1923), where the trial court found upon inquiry that the intended award was the sum of separate verdicts returned against

joint tort-feasors and this court held the verdict could be corrected by the trial court.

*Defendants' exceptions overruled; judgment for plaintiff.*

DUNCAN, J., did not sit; the others concurred.