Hillsborough
No. 7169

ANDREW J. DOW v. BENJAMIN ELECTRIC COMPANY

BENJAMIN ELECTRIC SUPPLY CO. v. ANDREW J. DOW

September 30, 1975

*George J. Basbanes,* by brief and orally, for Andrew J. Dow.

*Paul A. Rinden* and *Jay M. Niederman (Mr. Niederman* orally) for Benjamin Electric Supply Co.

GRIMES, J. The issue in this case is whether the evidence compelled a verdict in favor of Andrew J. Dow in his cross action against Benjamin Electric Company. We hold that it did not.

In December 1966, Benjamin Electric Supply Co., named as Benjamin Electric Company in Dow's writ and hereinafter referred to as Benjamin, entered into a written contract to install insulation in a house being built by Dow who acted as general contractor. Benjamin also agreed to supply other items. The contract specified that the insulation in the sidewalls would be covered with polyethylene, a vapor barrier. No such specification was included for other areas. It was specified that the work was to be completed in a workmanlike manner according to standard practices.

After completion of the house in March 1969, and the refusal of Dow to pay a $561.61 balance, Benjamin brought suit. Dow brought a countersuit against Benjamin claiming damages for negligent failure of Benjamin to perform in a workmanlike manner. This was based on a failure to install a vapor barrier in the ceiling of the basement. Only the case of *Dow v. Benjamin* was tried, it being agreed that there was a balance of $561.51 due on the contract if it was not eliminated by a verdict in the cross action.

The trial court found for Benjamin and returned verdicts accordingly. Dow's exceptions were transferred by *Flynn,* J.

The sole question is whether the evidence compelled a finding in Dow's favor. He had the burden of proof on his claim, "and we must view the evidence most favorably to the defendant . . . ." *Sindorf v. Dow,* 112 N.H. 114, 116, 289 A.2d 394, 395 (1972); *Bothwick v. LaBelle,* 115 N.H. 279, 339 A.2d 29 (1975). No vapor barrier for the ceiling of the cellar was specified in the contract, but it is argued that standard practice would require one. The evidence did not compel such a conclusion. There was evidence to the contrary where as here the basement was not to be lived in. Nor does the evidence compel a

finding that the damage claimed (rusting of tools, mildew on clothes, buckling of floors, etc.) was caused by the absence of such a barrier.

*Judgment on the verdicts.*

All concurred.