POULIN CORPORATION, d/b/a
Rochester Chrysler–Plymouth,
Plaintiff, Appellee,

v.

CHRYSLER CORPORATION,
Defendant, Appellant.

POULIN CORPORATION, d/b/a
Rochester Chrysler–Plymouth,
Plaintiff, Appellant,

v.

CHRYSLER CORPORATION,
Defendant, Appellee.

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1988.

Decided Nov. 7, 1988.

Bruce W. Felmly with whom Jane E. Cetlin and McLane, Graf, Raulerson & Middleton, Professional Ass'n were on brief, Manchester, N.H., for Poulin Corp.

Robert D. Cultice with whom Louis J. Scerra, Jr., Goldstein & Manello, Boston, Mass., Paul R. Eichbauer, Matthias J. Reynolds and Devine, Millimet, Stahl & Branch, P.A. were on briefs, Manchester, N.H., for Chrysler Corp.

Before COFFIN, ALDRICH and TORRUELLA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Although this case consumed two weeks of trial time, and many matters are presented by cross appeals, for present purposes the facts may be briefly stated. Plaintiff Poulin Corporation, a franchise in Rochester, New Hampshire of defendant Chrysler Corporation, sued in three (originally five) counts, alleging, (1) violation of N.H.Rev.Stat.Ann. chapter 357–C, which prohibits an automobile manufacturer from engaging in conduct that is arbitrary, in bad faith, or unconscionable; (2) violation of defendant's contractual obligation of good faith and fair dealing; and (3) negligent misrepresentation of facts to plaintiff during their negotiation of a dealer fran-

chise contract. Though proof as to the three counts varied, the court, after discussion thereof, charged the jury,

> If you find in this case that the defendant is liable on one or more of the claims made by the plaintiff, violation of the statute, lack of good faith and fair dealing implicit in the contract, or negligent misrepresentation, you will then proceed to the issue of damages. Bear in mind what I stated on the burden of proof as to liability. The plaintiff has the same burden of proof.

At the conclusion of the charge, rather than putting the counts individually, the court, consistent with this charge, gave the foreman two forms for a general verdict. No one objected. In due course, the foreman completed and signed the first.

### VERDICT

> The Jury find in favor of the Plaintiff and assess damages in the sum of ZERO dollars and ZERO cents.

In spite of the seeming inconsistency, except for plaintiff's asking that the jury be polled—which was done—no one made any other requests or suggestions, and the jury was discharged. A judgment in the words of the verdict, with costs to plaintiff, was thereafter entered.

There followed a number of motions.

1. Plaintiff moved for an attorney's fee "in accordance with New Hampshire RSA 357–C:12 II and New Hampshire common law."

2. Defendant moved that costs be awarded to it as "the prevailing party." Fed.R.Civ.P. 54(d).

3. Plaintiff moved for a new trial on damages on the ground that "on its face [it was] an improper verdict," and for other reasons.

4. Defendant moved for judgment n.o.v., or, alternatively, for a new trial. The court disposed of all motions in a single memorandum order, granting the first, and denying the rest. Both parties appeal.

Although it is ultimately mooted, we consider first plaintiff's motion for an attorney's fee because of the light it casts on the case as a whole. Plaintiff asked for fees both under the automobile dealers act, and at common law. The dealers act provides for fees; the common law does not, except in highly unusual circumstances. *See Pugliese v. Town of Northwood Planning Bd.*, 119 N.H. 743, 752, 408 A.2d 113, 118–19 (1979) (specific finding of obstinate, unjust, vexatious, wanton, or oppressive conduct required in absence of statutory authorization or parties' agreement). The court, resting solely on the statute, made no finding or even suggestion that any such circumstances existed; manifestly not an error as matter of law. It felt, however, "compelled" to find in plaintiff's favor under the automobile dealers statute. In response to defendant's contention that, with a general verdict, it could not be told on what count or counts the verdict rested, since it could have been on any one alone, the court pointed to New Hampshire cases to the effect that a verdict imported favorable findings on "all material questions of fact," citing *Wheeler v. Metropolitan Stock Exchange*, 72 N.H. 315, 56 A. 754 (1903); *Busher v. New York Life Insurance Co.*, 72 N.H. 551, 58 A. 41 (1904). This was a misapplication of the principle. While, as in the cited cases, there is a presumption that the jury found all necessary facts (a presumption invoked here in another connection, post), it is of no assistance in determining which, of a number of counts, the jury may have selected. *Wojtkowski v. Cade*, 725 F.2d 127, 129 (1st Cir.1984); *cf. Cheswell v. Chapman*, 42 N.H. 47, 54–55 (1860). The court perhaps forgot that it had told the jury, ante, that it could find for plaintiff if it resolved any one of the claims in its favor.[1] Accordingly, rather than being compelled to award statutory fees, the court lacked an affirmative basis therefor. Only if all three counts warranted fees could the award stand. They did not, and the court, quite properly, did not find that they did. Plaintiff's imag-

---

1. Unaccountably, plaintiff still would forget this. In its reply brief it says that defendant "persistently fails to recognize one critical fact:" the plaintiff received a jury verdict in its favor *as to all counts.*" (*Emphasis supplied*).

ining all sorts of ways that it prevailed in the suit is of no relevance; the award was error.

■ Except for an evidentiary matter, the remaining motions may be considered together. We agree that on whatever count or counts the verdict was based, to a degree it appeared inconsistent on its face. These were not claims, such as for a declaratory judgment, or for an abuse of civil rights, where relief may be granted without proof of damages, *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978); *Steffel v. Thompson*, 415 U.S. 452, 471–72, 94 S.Ct. 1209, 1221–22, 39 L.Ed.2d 505 (1974), but were ones where damage was a necessary condition or element of liability. Plaintiff is quick to point out that the court, in the course of its instructions, so charged. Hence plaintiff would say that since the jury is presumed to have followed the charge it has, in one breath, found there were damages, and in the next that there were none. Thus there was an inconsistency.

We do not, however, find the problem unresolvable. It is true, as the court noted, that it is to be presumed that the jury found the facts appropriate to its decision. However, as the New Hampshire court stated in one of the cases the district court cited, this is so "unless some of the special facts found are inconsistent therewith." *Wheeler v. Metropolitan Stock Exchange*, 72 N.H. at 319, 56 A. at 756. On this basis, any presumption arising from the first part of the verdict that the jury found damages is rebutted by the affirmative special finding that it did not.

On the record, this interpretation is singularly proper. While in an earlier portion of the charge the court told the jury that a finding of damage was an essential element of plaintiff's recovery, it finally, ante, summarized the jury's duty as being to consider the factual claims, and, if it found for plaintiff on one or more, to proceed to the "issue" of damages. "Issue" is a broader word to laymen, particularly when defendant denied the existence of damages altogether, than "amount." Under all the circumstances, including what would seem a natural understanding of this final instruction separating damages from liability, we hold the jury is to be taken at its word, and that, as a matter of substance, it found that plaintiff met its burden of proof as to defendant's affirmative misconduct on one or more of its claims, but failed to meet it as to damages.[2] On this basis the verdict is only formally inconsistent. Since the court has found, we believe warrantably, that the "jury's award of zero damages has a rational basis on the record," it must stand unrestricted. It follows that plaintiff has failed to establish an essential part of its proof, and judgment should have been entered for defendant. *Association of Western Railways v. Riss & Co.*, 299 F.2d 133, 135 (D.C.Cir.1962).

The cases that plaintiff cites as contrary to *Western Railways* involving a verdict for plaintiff followed by a finding of no damages are distinguishable. In *Philippine National Oil Co. v. Garrett Corp.*, 724 F.2d 803 (9th Cir.1984); *Spears v. Hough*, 458 F.2d 529 (8th Cir.1972); *Joseph v. Rowlen*, 425 F.2d 1010 (7th Cir.1970), and *Wingerter v. Maryland Casualty Co.*, 313 F.2d 754 (5th Cir.1963), the defendants, so far as this aspect of the case was concerned, were content with the judgment following the form of the verdict. Only in *Western Railways* did the court reach the

2. Although plaintiff principally insists, as aforesaid, that the verdict is inconsistent, at one point it contends—which it did not do below—that the correct meaning of the verdict is that, in finding liability in favor of plaintiff, it found damages, but then failed to "assess" them. Plaintiff does not realize that suggesting the possibility of this claim is a death wish. When a jury has made a readily remediable mistake or omission, the party detrimentally affected must move forthwith to correct it, not wait and ask for another trial, burdening the court, the parties, and another jury. *McIsaac v. Didriksen Fishing Corp.*, 809 F.2d 129, 134 (1st Cir.1987); *Merchant v. Ruhle*, 740 F.2d 86, 91 (1st Cir.1984). While some courts speak in terms of waiver in such circumstances, we regard it as more basic, an application of the general rule that an expeditious cure, when practical, must be the one embraced. In fairness to all, failure to do so must mean a loss of right. We do not invoke this principle against plaintiff because we do not so construe the verdict. We do not invoke it against defendant because we construe the verdict to mean exactly what defendant contends.

present step. We add that if New Hampshire law were to control, plaintiff's citation of *Sconsa v. Richmond,* 103 N.H. 89, 165 A.2d 595 (1960), offers no support.

We mention briefly plaintiff's claim that it was prejudiced by the admission of evidence of plaintiff's president Poulin's salary from his Chevrolet/Oldsmobile dealership, a separate corporation, as supporting defendant's contention that its conduct caused plaintiff no damage. This is a frivolous ground on which to ask us to overrule the denial of a new trial. We can not think that the jury would even be tempted to reject the court's instruction not to consider this on the issue of plaintiff's damage: "Mr. Poulin's individual salary from other business interests has no bearing upon the damages that the Poulin Corporation, a separate legal entity, will be entitled to if you find that the Chrysler Corporation is liable."

We do not reach defendant's motion for judgment n.o.v. or for new trial. The judgment in favor of plaintiff, with costs, is vacated; the order denying plaintiff's motion for new trial is affirmed; judgment, with costs, to be entered for defendant.

