Perkins v. VA                          CV-94-357-JD  05/25/95
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE

Luther C. Perkins

        v.                              Civil No. 94-357-JD

Jesse Brown, Secretary
Department of Veteran Affairs
Veterans Administration


                              O R D E R


     This case involves a dispute between the plaintiff, Luther
Perkins, and his former employer, the Veterans Administration
("VA").  Before the court is the defendant's motion to dismiss
under Fed. R. Civ. P. 12(b)(6) (document no. 17).


                              Background

     The following facts are not in dispute or have been alleged
by the plaintiff.

     The defendant hired the plaintiff, a pharmacist, in July
1988, to serve as chief of pharmacy services for the VA Medical
Center at Castle Point, New York.  In February 1989, the VA
reclassified the chief of pharmacy position such as to make the
plaintiff eligible for a promotion from a "GS-660-12" to a "GS-
660-13" pay level.  The defendant, who was sixty-four years old
at the time, was not promoted even though he had satisfied all
the training and performance qualifications for promotion.

                                  1

On January 23, 1991, the plaintiff filed a timely employment discrimination complaint with the VA alleging age discrimination in the denial of his request for promotion. The plaintiff's complaint was not resolved through the informal adjustment process and, on June 2, 1992, the VA requested that the Equal Employment Opportunity Commission ("EEOC") assign the dispute to one of its administrative judges ("AJ").

The AJ conducted an administrative hearing on August 18 and September 17, 1992. The plaintiff proceeded pro se. On January 21, 1993, the AJ recommended that the VA deny the claim on the grounds that the plaintiff had failed to establish a violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C.A. § 626 et seq. On February 18, 1993, the VA adopted the AJ's recommendation as the "final agency decision" and, in so doing, formally denied his complaint.

On March 18, 1993, the plaintiff filed with the EEOC a timely appeal of the VA's decision. By order of September 21, 1993, the EEOC affirmed the VA's decision. The order, which the plaintiff received on September 24, 1993, included a "statement of rights" explaining a claimant's right to file a request for administrative reconsideration, to file a civil action, and to request counsel:

> It is the position of the Commission [EEOC] that you have the right to file a civil action in an appropriate United States District Court <u>WITHIN NINETY (90) CALENDAR DAYS</u> from the date that you receive this

> decision.  You should be aware, however, that courts in
> some jurisdictions have interpreted the Civil Rights
> Act of 1991 in a manner suggesting that a civil action
> must be filed <u>WITHIN THIRTY (30) CALENDAR DAYS</u> from the
> date that you receive this decision.  To ensure that
> your civil action is considered timely, you are advised
> to file it <u>WITHIN THIRTY (30) CALENDAR DAYS</u> from the
> date that you receive this decision . . . .

Defendant's Motion to Dismiss, Exhibit 5 (emphasis in original).
The statement of rights provides other information to appellants,
such as how to name the proper defendant in a civil lawsuit.  <u>Id.</u>

Following receipt of the unfavorable EEOC decision, the
plaintiff retained Daniel Cochran, an attorney practicing with
Marshall Law Offices, East Kingston, New Hampshire.  On October
14, 1993, the plaintiff met with Cochran to review a draft
complaint.  Cochran, who billed the plaintiff for both the
drafting of the complaint and the filing fee, stated that the
complaint would be filed the following day.  Soon thereafter the
plaintiff temporarily relocated to Florida.

The plaintiff called Cochran during December 1993, to
discuss discrepancies in his legal bill.  Cochran did not return
the plaintiff's telephone calls.

The plaintiff returned to New Hampshire in May 1994, and
during that month placed "many" unreturned phone calls to
Cochran's law firm.  The plaintiff successfully contacted Cochran
on May 27, 1994.  At that time,

3

> Attorney Cochran stated, "He had received the decision on federal civil suit and did not re-file as the statute of limitations had run out.  Also payment would be in the amount of economic damage" and [Cochran] hung up before the Plaintiff could ask any questions.

Plaintiff's Objection to Motion to Dismiss at ¶ 10.

On June 9, 1994, the plaintiff, who had begun to question Cochran's integrity, inquired about the status of his lawsuit to a deputy clerk employed by this court.  The deputy clerk reported that she could not find a record of the case.

On or about July 7, 1994, Keri Marshall, another attorney practicing with the Marshall Law Offices, notified the plaintiff that Cochran was no longer affiliated with her law firm. Marshall attempted to initiate a telephone conference call with the plaintiff and Cochran.  Cochran initially hung up and, during a subsequent attempt at a telephone conference, responded with vulgarities when queried about the status of the plaintiff's complaint.[1]

The following day, Marshall filed the plaintiff's complaint with this court, along with a "motion to file late answer" and a request for appointment of counsel.  The magistrate judge denied both motions on August 1, 1994. <u>Perkins v. Secretary, Dept. of Veterans Affairs</u>, No. 94-357-JD, pretrial order at 2 (D.N.H. Aug.

---

[1]According to the plaintiff, Cochran has been disbarred from legal practice in New Hampshire.

4

1, 1994). Marshall subsequently withdrew from this case and the plaintiff has proceeded pro se.

## Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the court must take the factual averments contained in the complaint as true, "indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "`only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita, 958 F.2d at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

In its motion the defendant asserts that this lawsuit is time barred because the plaintiff did not file the complaint within the ninety day statutory filing period, 29 U.S.C. §

5

626(e). Defendant's Memorandum in Law in Support of Motion to Dismiss ("Defendant's Memorandum of Law") at 1.

In his response the plaintiff asserts that he was at all times aware of the deadline and had relied on the promises of his attorney that the complaint would be filed on time. Plaintiff's Objection at ¶ 3-4 ("Plaintiff had absolutely no reason to question the integrity of a duly licensed attorney . . ."). The plaintiff's pro se status requires the court to hold his complaint and responsive pleadings to a less stringent standard than pleadings drafted by attorneys. Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). Under this forgiving standard the court treats the plaintiff's objection to the motion to dismiss as a request that the court equitably toll the statutory filing period.

By statute, an individual may file a civil action "within ninety days after the date of the receipt of . . . notice" that his administrative claim under the ADEA has been dismissed or otherwise terminated by the EEOC. 29 U.S.C.A. § 626(e) (West. Supp. 1995). The filing period is not a jurisdictional prerequisite to maintaining an action under the ADEA but, rather, is "akin to a statute of limitations and is subject to equitable modification." Kale v. Combined Ins. Co. of America, 861 F.2d

6

746, 751-52 (1st Cir. 1988) (analogizing to Title VII filing period) (collecting cases). Equitable tolling is appropriate because the "ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment." Id. (citing Dartt v. Shell Oil Co., 539 F.2d 1256, 1259-60 (10th Cir. 1976), aff'd by an evenly divided Court, 434 U.S. 99 (1977)).

Courts most often equitably toll a filing period when a plaintiff demonstrates that the failure to file timely resulted from "excusable ignorance" of his statutory rights. Id. at 752. For example, under this theory the filing period may be tolled where an employee's ignorance may be attributed to his employer's misconduct or failure to post informational EEOC notices as required by the ADEA. Id. at 752-53. Conversely, "if the court finds that the plaintiff knew, actually or constructively, of his ADEA rights, ordinarily there could be no equitable tolling based on excusable ignorance." Id. at 753 (citing Vaught v. R.R. Donnelley & Sons Co., 745 F.2d 407, 412 (7th Cir. 1984)).

The First Circuit has noted in passing that other courts have at times equitably tolled filing deadlines "where the untimely filing was due to gross attorney error." Id. at 752, n.8 (citing Volk v. Multi-Media, Inc., 516 F. Supp. 157, 161-62 (S.D. Ohio 1981)). In Volk, the district court reasoned that a

7

client should not have to suffer for the "sloppy, inept practice of his attorney." 516 F. Supp. at 162.

Notwithstanding the concerns voiced in Volk, most courts, including those in this circuit, disfavor the doctrine of equitable tolling where the plaintiff had consulted an attorney prior to the deadline but, for reasons unrelated to the defendant's conduct, failed to file in time. See Irwin v. Veterans Admin., 111 S. Ct. 453, 456-58 (1990) (Title VII employment discrimination claim); Silva v. Universidad de Puerto Rico, 834 F. Supp. 553, 554 (D.P.R. 1993) (Title VII employment discrimination claim) (citing Polsby v. Chase, 970 F.2d 1360, 1363-64 (4th Cir. 1992) (plaintiff who consulted with attorney during time limit to file Title VII complaint barred from invoking doctrine of equitable tolling even though attorney's advice was erroneous); Reifinger v. Nuclear Research Corp., 1992 WL 368347 *2 (E.D. Pa. 1992) (plaintiff who consulted attorney within limitations period barred from invoking equitable tolling doctrine even where the attorney erroneously informed him about administrative filing deadlines)); see also Gilbert v. Secretary of Health and Human Servs., 1995 WL 119574 * 4 (Fed. Cir. 1995) ("negligence of [plaintiff's] attorney does not justify applying equitable tolling" of deadline to file under the National Childhood Vaccine Injury Act).

8

In <u>Irwin</u>, the Supreme Court ruled that the equitable tolling doctrine could not resurrect a time-barred Title VII lawsuit where the plaintiff's attorney did not file within the statutory period, in part because the attorney was on vacation when his law office received the EEOC right-to-sue letter.  111 S. Ct. at 455-58.  Finding first that "[f]ederal courts have typically extended equitable relief only sparingly," the Court concluded that "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."  <u>Id.</u> at 457, 458; <u>see</u> <u>Gilbert</u>, 1995 WL 119574 at * 4 ("Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of vague sympathy for particular litigants") (quoting <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 152 ( 1984)).

In situations where equitable tolling is available, courts regularly consider five factors when determining whether to invoke the doctrine:

    (1) lack of actual notice of filing requirement;
    (2) lack of constructive notice of filing requirement;
    (3) diligence in pursuing one's rights;
    (4) absence of prejudice to the defendant; and
    (5) reasonableness of plaintiff's ignorance of the notice
    requirement.

<u>Kale</u>, 861 F.2d at 752 (citing <u>Andrews v. Orr</u>, 851 F.2d 146, 151 (6th Cir. 1988)); <u>see</u> <u>Abbott v. Moore Business Forms, Inc.</u>, 439 F. Supp. 643, 646 (D.N.H. 1977).  "It is important to note,

9

however, that these factors are not exhaustive. It is in the nature of equity to entertain case-specific factors that may counsel in favor of tolling." Kale, 861 F.2d at n.9; see Volk, 516 F. Supp. at 161-62 (attorney error considered as additional equitable factor).

There is no dispute that the complaint was filed on July 8, 1994, approximately nine and one half months after the plaintiff personally received the final decision of the EEOC. This action was not initiated within the ninety day filing period, 29 U.S.C.A. § 626(e), and the court's inquiry is limited to the question of whether the filing period should be equitably tolled.

The plaintiff has not alleged that his delinquent filing resulted from the misconduct of either the defendant or the EEOC. Indeed, the final decision mailed to the plaintiff prominently announced the filing deadline along with other right-to-sue information. The plaintiff knew of his statutory rights and retained an attorney to exercise them on his behalf. The court finds that the facts of this case do not support equitable tolling on the grounds of "excusable ignorance."

The plaintiff asserts that he should not suffer for his reasonable reliance on counsel's apparently false statements that the complaint would be filed on time. The defendant responds that this is not a proper grounds for equitable tolling.

10

The court finds that, for purposes of the Rule 12(b)(6) inquiry, the failure to file resulted solely from the gross error of the plaintiff's attorney and his law firm. These circumstances may justify equitable tolling under Volk. See 516 F. Supp. at 161-62. However, even misconduct of the magnitude alleged in this case does not warrant equitable tolling under the more narrow view of the doctrine recently articulated by the Supreme Court and other courts sitting in this and other circuits. See, e.g., Irwin, 111 S. Ct. at 457-58; Silva, 834 F. Supp. at 554. Thus, the plaintiff's lawsuit is time-barred and not subject to equitable tolling.

The court, taking all factual averments in the complaint as true, has determined that the plaintiff cannot recover on any viable theory under the ADEA because his lawsuit is untimely. Accordingly the complaint must be dismissed.[2]

---

[2]The plaintiff is not left without any remedy since the allegations concerning the conduct of counsel may support a separate civil action against the appropriate defendants.

## Conclusion

The defendant's motion to dismiss (document no. 17) is granted. The clerk is ordered to close this case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 25 1995

cc:   United States Attorney
      Luther C. Perkins, pro se