[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-11784
_____

D.C. Docket No. 1:08-cv-20738-KMM

PLATYPUS WEAR, INC.,
a Nevada Corporation, et al.,

Plaintiffs-Appellants,

versus

HORIZONTE LTDA,
a Brazilian limited partnership, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(March 10, 2014)

Before ANDERSON, Circuit Judge, and MOODY* and SCHLESINGER,**
District Judges.
_____

*Honorable James S. Moody, Jr., United States District Judge for the Middle District of Florida,
sitting by designation.

**Honorable Harvey E. Schlesinger, Senior United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

This case is factually complex, as were the proceedings below.  We have carefully studied the briefs and relevant parts of the record, and have had the benefit of oral argument.

The case involves, *inter alia*, the ownership of and/or right to use the trademark BAD BOY for beverages in Brazil, Japan, the European Union and the United States.  Plaintiffs-appellants[1] brought suit against, *inter alia*, defendant Horizonte, Ltda., asserting multiple claims,[2] including that Horizonte converted one or more of plaintiffs' trademarks and that Horizonte aided and abetted in the breach of a fiduciary duty owed to plaintiffs.[3]  Plaintiffs sought damages for these

---

[1] For convenience, we refer to plaintiffs-appellants collectively, although certain claims were asserted only by a subset thereof.

[2] Horizonte asserted multiple counterclaims, which are not at issue on appeal.

[3] Because the briefs focus only on these two claims, we do likewise.  However, there were actually four claims by plaintiffs with respect to which the jury findings were identical.  Our analysis applies to all four.

2

claims, which were submitted to a jury.  The jury found Horizonte liable for both claims,[4] but found zero damages.[5]

After the jury verdict, plaintiffs sought declaratory and equitable relief from the district court.[6]  The district court denied plaintiffs' requests, concluding that it was precluded from granting them because plaintiffs did not prevail on any of the claims that were submitted to the jury.  The district court reasoned that, because the jury found zero damages on the several claims on which it found Horizonte liable, and because proof of damages was a necessary element of each such claim, plaintiffs had failed to establish success on the merits, which was a prerequisite to the requested relief.  The district court also denied plaintiffs' motion for a new trial.

The district court erred in concluding that it did not have the authority to enter equitable relief because of the jury's finding of no damages.  It is true that damages are a necessary element of the several causes of action at issue.  But

---

[4] For example, with respect to the conversion claim the jury found "that Horizonte converted the property of [Plaintiffs]."

[5] For example, the jury found that "as a result of Horizonte's conversion," plaintiffs sustained "$0 No damages."

[6] Specifically, plaintiffs asked the court to declare that certain documents purporting to assign the trademarks to Horizonte were invalid and unenforceable, and to enjoin Horizonte from claiming rights under the same.  Plaintiffs also asked the court to impose a constructive trust over the trademarks.

3

damages are not a necessary element of a cause of action seeking declaratory and injunctive relief, as Horizonte's brief concedes.

We offer no opinion on the result reached by the district court. We only hold that the district court is not precluded from entertaining the equitable relief sought. Equitable relief is to be determined on a case-by-case basis after considering the facts of the particular transactions at issue. *Banco Industrial de Venezuela, C.A. v. Credit Suisse*, 99 F.3d 1045 (11th Cir. 1996). In doing so, the district court may consider the entire panoply of equitable defenses such as unclean hands, equitable estoppel, and *in pari delicto*. *Id.* at 1049.

Plaintiffs also contend that the district court erred in refusing to impose a constructive trust and in failing to order a new trial because the verdict was inconsistent in finding liability but not damages. The imposition of a constructive trust is an equitable remedy. The district court may consider that remedy along with other equitable remedies in the exercise of its discretion. The jury verdict does not compel the court's equitable decision on this issue either way.

Plaintiffs' argument for a new trial is not well founded. After a jury has found liability, its finding of no damages no more indicates an inconsistent verdict than it does a failure of proof of damages. Here, the jury made findings of liability on the part of both parties and, similarly, a finding of no damages for both parties.

4

Although the jury was polled about its verdict, neither party objected to the jury's findings as inconsistent before the jury was discharged.

The district court correctly held that no new trial on damages was warranted. Not only did the district court conclude that the verdict was supported by a failure to prove damages, it also held that a new trial was precluded by the plaintiffs' failure to object to the verdict prior to the jury being discharged. As the First Circuit aptly explained in *Poulin Corp. v. Chrysler Corp.*, 861 F.2d 5, 7, Fn. 2 (1st Cir. 1988):

> Although plaintiff principally insists, as aforesaid, that the verdict is inconsistent, at one point it contends – which it did not do below – that the correct meaning of the verdict is that, in finding liability in favor of plaintiff, it found damages, but then failed to "assess" them. Plaintiff does not realize that suggesting the possibility of this claim is a death wish. When a jury has made a readily remediable mistake or omission, the party detrimentally affected must move forthwith to correct it, not wait and ask for another trial, burdening the court, the parties, and another jury. *McIsaac v. Didriksen Fishing Corp.,* 809 F.2d 129, 134 (1st Cir. 1987); *Merchant v. Ruhle*, 740 F.2d 86, 91 (1st Cir. 1984). While some courts speak in terms of waiver in such circumstances, we regard it as more basic, an application of the general rule that an expeditious cure, when practical, must be the one embraced. In fairness to all, failure to do so must mean a loss of right. We do not invoke this principle against plaintiff because we do not so construe the verdict. We do not invoke it against defendant because we construe the verdict to mean exactly what defendant contends.

5

For the foregoing reasons, the judgment of the district court is vacated to the extent that it denied declaratory and equitable relief.  The district court may entertain the equitable claims of both parties.  Of course, in exercising its broad discretion, the district court may reach the same result.  The case is REMANDED for further proceedings.

VACATED and REMANDED.