[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11395

_____

D.C. Docket No. 1:08-cv-20738-KMM

PLATYPUS WEAR INC., a Nevada Corporation,
PLATYPUS WEAR, INC., a California Corporation,
PW INDUSTRIES, INC., et al.,

Plaintiffs-Counter-
Defendants-Appellants,

versus

HORIZONTE LTDA, a Brazilian limited partnership,

Defendant-Counter-
Claimant-Appellee,

FERNANDO MARIA AGONSTINHO CALDAS, JR.,
ROBERTO SILVA RAMOS,
DOES 1- 50.
S. L. CLARKE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2017)

Before CARNES, Chief Judge, TJOFLAT, Circuit Judges, and TITUS,* District
Judge.

_____

*Honorable Roger W. Titus, United States District Judge for the District of Maryland, sitting by
designation.

PER CURIAM:

This case was tried to a jury on Platypus' claims,[1] among others, that Horizonte "converted one or more of [its] trademarks and that Horizonte[2] aided and abetted in the breach of a fiduciary duty owed to [Platypus]," *Platypus Wear, Inc. v. Horizonte Ltda.*, 558 F. Appx. 929, 931 (11th Cir. 2014). The jury found for Platypus on those claims but awarded zero damages. *Id.* The jury found for Horizonte on its counterclaims for, among other things, unfair and deceptive trade practices, but, as it did with Platypus' claims, the jury awarded Horizonte zero damages.

After the jury returned its verdicts, Platypus sought declaratory and equitable relief. It asked the District Court "to declare that certain documents purporting to assign [its] trademarks to Horizonte were invalid and unenforceable, and to enjoin Horizonte from claiming rights under the same." *Id.* at n.6. The Court denied Platypus' requests,

> concluding that it was precluded from granting them because plaintiffs did not prevail on any of the claims that were submitted to the jury. The district court reasoned that, because the jury found zero damages on the several claims on which it found Horizonte liable, and because proof of damages was a necessary element of each such

---

[1] We refer to Platypus in identifying four plaintiffs and treat them collectively: Platypus Wear, Inc., Platypus Wear Incorporated, PW Industries, Inc. and Alexandra Ponce De Leon.

[2] We refer to Horizonte in identifying three defendants and treat them collectively: Horizonte Fabricacao Distribuicao Importacao E Exportaco Ltda., a/k/a Horizonte Ltda., Fernando Caldas, Jr., and Roberto Ramos.

2

claim, plaintiffs had failed to establish success on the merits, which was a prerequisite to the requested relief.

*Id.* Platypus appealed, arguing that the District Court erred in refusing to grant it the requested relief. We agreed that the Court erred in concluding that it lacked the authority to enter equitable relief because the jury had found zero damages. We therefore vacated its judgment, to the "extent that it denied declaratory and equitable relief," with this statement: "[t]he district court may entertain the equitable claims of both parties. Of course, in exercising its broad discretion, the district court may reach the same result." *Id.* at 932.

On remand, the District Court, in the exercise of its discretion, declined to issue any declaratory or equitable relief. Platypus appeals. We find no abuse in the Court's discretionary call, and accordingly affirm its judgment.

AFFIRMED.